PeaRson, C. J.
The plaintiff had a right to exchange the grey mare, and the effect of the exchange was to vest *289 in Mm the title to the sorrel mare; so sh« was his property ; but the question is was she protected from execution.
The plaintiff insists that as the grey mare was exempted the privilege passed to the sorrel mare by the legal effect of the exchange ; but the' defendant insists that the privilege was personal to the grey, and did not attach to the sorrel.
The statute makes void any alienation of exempted property by the debtor' for the payment of his debts. He can ' sell or exchange it, but there is no provision that the article received in exchange shall he exempted from execution, and we see no ground upon which it is exempted by implication, as an effect of the exchange. On tlm contrary, we are of opinion that, -by a proper construction of the statute, the sorrel mare was liable to execution as property acquired' after the allotment. We are led to this conclusion, in opposition to the opinion of his Honor, by two considerations.
If the effect of the exchange was to communicate ter the newly .acquired article the quality of being exempted from execution, it would be liable to abuse and tend to defeat the policy of the statute, in respect to the provision'that the “other property” not enumerated shall not exceed in value the sum of fifty dollars at each valuation ; for example, if the debtor should exchange the property, allotted for other property of the value of one hundred dollars,-bj undertaking to pay the difference in cash or some other way, and the newly acquired property should be exempt from execution, the policy of the statute is defeated at once; but it would not stop there. If the property received on the first exchange acquired the quality of being exempt from execution, the same quality. would be communicated to property received upon a second exchange, and thus the debtor would become an independent trader with privileged property, ad infinitum. So. if a mare can be ex *290 changed for a mare, she may be exchanged for a house, or for cattle, or a negro, or for land, and the same principle would apply. Thus any species of property, acquired by exchange, would be exempted from execution. In short, the Courts can fix no limit to the number of exchánges or the kind of property., In this instance it was the first exchange — a mare for a mare — and we take it there was but little difference in value, and it may be, as suggested by Mr. Grraham, that the motive was simply to exchange a young grey mare, which the man’s children could not work, for a sorrel mare which was steady and well broke ; and if the Court had power to grant this indulgence to debtors, it would be disposed to do so in this case, but “hard cases are the quicksands of the law/’ The Court has no power to add to a statute — that is, the province of the makers of the law ; they can, if it be deemed expedient, allow this indulgence and fix a limit to it, so as to guard against abuse.
There is another view of the subject. The statute requires a descriptive list of the several articles exempted, to be made out and filed among the records of the office of thé Clerk of the County Court. The object of this provision is to enable officers having executions in their hands to know with certainty what property was exempted. Dean vs. King, 13 Ire., 20. This object would be entirely defeated if property received in exchange is also exempted. For it ’would put on an officer, who finds the debtor in possession of property not specified in the .list, the responsibility of deciding whether it had been acquired by exchanges, which may have run through four or five stages. If he errs on one side, he is liable to the debtor; if on tbe other, ho is liable to the creditor !'! ,It is not in. the power of the Court to obviate this difficulty. The legislature may do so, if it be deemed expedient to allow the debtor to exchange, by requiring the debtor to have the property received in ex *291 change, to be entered upon the list in place of the other, so as to give it the same “ear mark” fot the information of all concerned. And it was in the power of the debtor to accomplish the same end by having a second allotment and a new list made out and filed after the other property was acquired; and in that way both purposes of the statute would have been carried out. The value could not exceed fifty dollars, and the “ear mark” would have, been put'tin the property. It was the debtor’s misfortune that he neglected to have a second allotment.
There is error. Let the judgment be reversed and a ve-nire de novo issued.